# Exhibit "A"

20066561
SUM-100

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FEDEX OFFICE AND PRINT SERVICES, INC., a Corporation; and
Does 1 through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEANETTA JOHNSON, an individual on behalf of himself and on behalf
of all persons similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
ALAMEDA COUNTY

APR 11 2017

CLERK OF THE SUPERIOR COURT
By

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA <br> Oakland <br> 1221 Oak Street, Oakland, CA 94612 | **CASE NUMBER:** <br> *(Número del Caso):* <br> **RG 17856291** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal    (Bar # 68687)                    Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik                    Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

| DATE: | | | Clerk, by | | , Deputy |
|---|---|---|---|---|---|
| *(Fecha)* APR 11 2017 | Chad Finke | | *(Secretario)* Aral Sponsel | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

[SEAL]
SUPERIOR COURT OF CALIFORNIA
EUREKA
COUNTY OF ALAMEDA

BY FAX

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> *www.courtinfo.ca.gov* <br> *LexisNexis® Automated California Judicial Council Forms* |

20066659

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Norman Blumenthal    (Bar # 68687)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037
TELEPHONE NO.: (858) 551-1223     FAX NO.: (858) 551-1232
ATTORNEY FOR *(Name):* Plaintiff Jeanetta Johnson

**FILED**
ALAMEDA COUNTY
APR 11 2017
CLERK OF THE SUPERIOR COURT
BY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS: 1221 Oak Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Oakland

CASE NAME:
**JOHNSON v. FEDEX OFFICE**

CASE NUMBER:
**RG 17 856 291**

JUDGE:

DEPT:

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):* TWO (2)

5. This case [ ] is [X] is not    a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 10, 2017

Norman Blumenthal
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

*LexisNexis® Automated California Judicial Council Forms*

20066660

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
     Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
     Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Website: www.bamlawca.com

6  Attorneys for Plaintiff

**FILED**
ALAMEDA COUNTY

APR 1 1 2017

CLERK OF THE SUPERIOR COURT
By _____

7

8

9

10               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                  **IN AND FOR THE COUNTY OF ALAMEDA**

12

13

14  JEANETTA JOHNSON, an individual on   Case No.   **RG 17 856 291**
    behalf of herself and on behalf of all
15  persons similarly situated,           **COMPLAINT FOR:**

16                                        1. VIOLATION OF CALIFORNIA
              Plaintiff,                  LABOR CODE § 1198 AND
17                                        CALIFORNIA CODE OF
    vs.                                   REGULATIONS, TITLE 8, SECTION 1
18                                        1070(14) (FAILURE TO PROVIDE
    FEDEX OFFICE AND PRINT               SEATING); and,
19  SERVICES, INC., a Corporation; and
    Does 1 through 50, Inclusive,         2. VIOLATION OF THE PRIVATE
20                                        ATTORNEYS GENERAL ACT
                                          [LABOR CODE §§ 2698 et seq.].
21              Defendants.

22                                        **DEMAND FOR A JURY TRIAL**

23

24

25

26

27

28
                              1
                          COMPLAINT

BY FAX

1        Plaintiff Jeanetta Johnson ("PLAINTIFF"), an individual on behalf of herself, on behalf

2    of the State of California pursuant to the Private Attorney General Act of 2004, Cal. Lab.Code

3    § 2698, *et seq.* ("PAGA"), and all other similarly situated current and former aggrieved

4    employees, alleges on information and belief, except for her own acts and knowledge which are

5    based on personal knowledge, the following:

6

7                                            **THE PARTIES**

8        1.      Defendant Fedex Office and Print Services, Inc. ("DEFENDANT") at all relevant

9    times mentioned herein conducted and continues to conduct substantial and regular business

10   throughout the State of California.

11       2.     DEFENDANT has duplicated its business formula many times over.

12   DEFENDANT operates some 1,800 stores in the United States. DEFENDANT's stores provide

13   printing and duplication, presentation support, and related business assistance, and serve as

14   drop-off points for deliveries to be made by sister companies FedEx Express and FedEx

15   Ground. DEFENDANT's stores also sell office supplies and rent computers and

16   videoconferencing rooms. FedEx Office has traditionally targeted small business and home

17   offices, and individual consumers.

18       3.     PLAINTIFF was employed by DEFENDANT in California as a sales associate

19   from April of 2005 to May of 2016. In connection with her job as a sales associate,

20   PLAINTIFF regularly worked behind a sales counter, as did other sales associates. From July

21   2012 to December of 2015, PLAINTIFF worked at DEFENDANT's store located at 9889 San

22   Pablo Ave., El Cerrito, CA 94530. From December of 2015 to May of 2016, PLAINTIFF

23   worked at DEFENDANT's store located at 5895 Christie Ave., Emeryville, CA 94608.

24   PLAINTIFF performed the same tasks at each location she worked for DEFENDANT, these

25   tasks reasonably permitted sitting, and a seat would not have interfered with PLAINTIFF's

26   performance of any of her tasks that may have required her to stand. DEFENDANT failed to

27   provide PLAINTIFF with a suitable seat at both locations she worked for DEFENDANT. The

28

2

1    amount in controversy for PLAINTIFF individually does not exceed the sum or value of

2    $75,000.

3         4.    PLAINTIFF brings this Representative Action on behalf of the State of California

4    with respect to herself and all other individuals who are or previously were employed by

5    DEFENDANT in California in the position of sales associate and were not provided with a

6    seat/stool during the time period of December 5, 2016 until the present (the "AGGRIEVED

7    EMPLOYEES"). On or about February 1, 2017, PLAINTIFF gave written notice via the online

8    process to Labor and Workforce Development Agency (the "Agency"), and via certified mail

9    to the employer, of the specific provisions of this code alleged to have been violated as required

10   by Labor Code § 2699.3. See Exhibit #1, attached hereto and incorporated by this reference

11   herein. The statutory waiting period for PLAINTIFF to add these allegations to the Complaint

12   has expired. As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a

13   representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of

14   California with respect to all AGGRIEVED EMPLOYEES as herein defined.

15        5.    The true names and capacities, whether individual, corporate, subsidiary,

16   partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently

17   unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant

18   to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege

19   the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.

20   PLAINTIFF is informed and believes, and based upon that information and belief alleges, that

21   the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are

22   responsible in some manner for one or more of the events and happenings that proximately

23   caused the injuries and damages hereinafter alleged.

24        6.    The agents, servants and/or employees of the Defendants and each of them acting

25   on behalf of the Defendants acted within the course and scope of his, her or its authority as the

26   agent, servant and/or employee of the Defendants, and personally participated in the conduct

27   alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

28

1   Consequently, the acts of each Defendant are legally attributable to the other Defendants and

2   all Defendants are jointly and severally liable to the PLAINTIFF and the other Aggrieved

3   Employees, for the loss sustained as a proximate result of the conduct of the Defendants' agents,

4   servants and/or employees.

5

6                                    **THE CONDUCT**

7          7.     PLAINTIFF alleges that the sales associate counters in DEFENDANT's

8   California stores are generally similar in their layout and design and that there is ample space

9   behind each counter area to allow for the presence and use of a stool or seat by DEFENDANT's

10  sales associates during the performance of their work duties.  DEFENDANT's sales associates

11  working at DEFENDANT's locations spend a very substantial portion, and, in many workdays,

12  the vast majority of their working time behind these counters.  The nature of the sales associate

13  position can reasonably be accomplished while using a seat/stool.

14         8.     In violation of the applicable sections of the California Labor Code and the

15  requirements of the applicable Industrial Welfare Commission ("IWC") Wage Order,

16  DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly

17  and systematically failed to provide PLAINTIFF and the other Aggrieved Employees suitable

18  seating when the nature of these employees' work reasonably permitted sitting.

19         9.     Defendants knew or should have known that PLAINTIFF and other Aggrieved

20  Employees were entitled to suitable seating and/or were entitled to sit when it did not interfere

21  with the performance of their duties, and that DEFENDANT did not provide suitable seating

22  and/or did not allow them to sit when it did not interfere with the performance of their duties.

23         10.    By reason of this conduct applicable to PLAINTIFF and all Aggrieved

24  Employees, DEFENDANT violated California Labor Code Section 1198 and Wage Order 4-

25  2001, Section 14 by failing to provide suitable seats.  PLAINTIFF seeks penalties on behalf of

26  herself and other Aggrieved Employees as provided herein.  Providing suitable seating is the

27  DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation

28

1   to meet this burden, DEFENDANT violated the California Labor Code and regulations

2   promulgated thereunder as herein alleged.

4                    **JURISDICTION AND VENUE**

5       11.    This Court has jurisdiction over this Action pursuant to California Code of

6   Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

7       12.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

8   Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT, resides

9   in this County, and DEFENDANT (i) currently maintains and at all relevant times maintained

10   offices and facilities in this County and/or conducts substantial business in this County, and (ii)

11   committed the wrongful conduct herein alleged in this County against other Aggrieved

12   Employees.

14                      **FIRST CAUSE OF ACTION**

15             **For Failure to Provide Suitable Seating**

16   **[Cal. Lab. Code § 1198, et seq. & California Code of Regulations, Title 8, Section**

                           **11070(14)]**

17   **(By PLAINTIFF and the AGGRIEVED EMPLOYEES and Against All Defendants)**

18

19       13.    PLAINTIFF, and the other members of the AGGRIEVED EMPLOYEES,

20   reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through

21   12 of this Complaint.

22       14.    California Labor Code section 1198 makes it illegal to employ an employee under

23   conditions of labor that are prohibited by the applicable wage order.

24       15.    California Labor Code section 1198 requires that " . . . the standard conditions of

25   labor fixed by the commission shall be the . . . standard conditions of labor for employees. The

26   employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

27       16.    California Code of Regulations, Title 8, section 11070(14)(A) provides that "[a]ll

28   working employees shall be provided with suitable seats when the nature of the work

1   reasonably permits the use of seats."

2        17.    California Code of Regulations, Title 8, section 11070(14)(B) provides that

3   "[w]hen employees are not engaged in the active duties of their employment and the nature of

4   the work requires standing, an adequate number of suitable seats shall be placed in reasonable

5   proximity to the work area and employees shall be permitted to use such seats when it does not

6   interfere with the performance of their duties."

7        18.    DEFENDANT violated California Labor Code section 1198 and California Code

8   of Regulations, Title 8, section 11070(14) because PLAINTIFF and AGGRIEVED

9   EMPLOYEES members were not permitted to sit, even if they were not engaged in active

10  duties. They were not permitted to sit, even when it would not interfere with the performance

11  of their duties, nor were they provided with suitable seats.

12       19.    PLAINTIFF and AGGRIEVED EMPLOYEES members are entitled to recover

13  all remedies available for violations of California Labor Code section 1198 and California Code

14  of Regulations, Title 8, section 11070(14).

15       20.    Pursuant to the civil penalties provided for in California Labor Code sections

16  2699 (f) and (g), the State of California, PLAINTIFF and other aggrieved employees are

17  entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee

18  per pay period for the initial violation and two hundred dollars ($200) for each aggrieved

19  employee per pay period for each subsequent violation, plus costs and attorneys' fees for

20  violation of California Labor Code section 1198.

21

22                     **SECOND CAUSE OF ACTION**

23          **For Violation of the Private Attorneys General Act**

24                  **[Cal. Lab. Code §§ 2698, et seq.]**

25          **(By PLAINTIFF and Against All Defendants)**

26       21.    PLAINTIFF incorporates by reference the allegations set forth in paragraphs 1-40,

27  supra, as though fully set forth at this point.

28

22.    PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.    An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.    The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.    In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

23.    PLAINTIFF brings this Representative Action on behalf of the State of California with respect to herself and all other individuals who are or previously were employed by DEFENDANT in California in the position of sales associate and were not provided with a seat/stool during the time period of December 5, 2016 until the present (the "AGGRIEVED EMPLOYEES").    DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly and systematically failed to provide PLAINTIFF and the other AGGRIEVED EMPLOYEES suitable seating when the nature of these employees' work reasonably permitted sitting as required by California law.

24.    The policies, acts and practices heretofore described were and are an unlawful business act or practice and was in violation of the applicable Labor Code sections listed in Labor Code §2699.5, including sections 256, 558, 1198 and the applicable Industrial Wage Order 4-2001, Section 14 and thereby gives rise to statutory penalties as a result of such conduct. PLAINTIFF hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFF and the other AGGRIEVED EMPLOYEES.

1

**PRAYER FOR RELIEF**

2    WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

3    severally, as follows:

4  1.    On behalf of the State of California and with respect to all AGGRIEVED

5        EMPLOYEES:

6        A)    Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

7              General Act of 2004, the applicable Wage Order, and/or Labor Code §1198.

8  2.    On all claims:

9        A)    An award of interest, including prejudgment interest at the legal rate;

10       B)    Such other and further relief as the Court deems just and equitable; and,

11       C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the

12             law, including, but not limited to, pursuant to Labor Code §1198.

13

Dated:   April 10, 2017                    BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

14

15

16       By:

17                    Norman B. Blumenthal
                     Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:  April 10, 2017         BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

By:

Norman B. Blumenthal
Attorneys for Plaintiff

K:\D\Dropbox\Pending Litigation\FedEx Office - Johnson\p-Complaint-FINAL.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT #1</u>

**BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
Web Site: www.bamlawca.com
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Chicago

FACSIMILE
(858) 551-1232

TELEPHONES
(858) 551-1223

WRITERS E-MAIL:
Nick@bamlawca.com

WRITERS EXT:
5

February 1, 2017
CA1253

**VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT**

Labor and Workforce Development Agency
Online Filing

Fedex Office and Print Services, Inc.
Certified Mail # 70142120000378196311
CT Corporation System
818 West 7th Street, Suite 930
Los Angeles, CA 90017

> Re:    Notice Of Violations Of California Labor Code Section § 1198 and California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of the Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiff Jeanetta Johnson ("Plaintiff"), and other aggrieved employees in a proposed lawsuit against Fedex Office and Print Services, Inc. ("Defendant"). Plaintiff was employed by Defendant as a Sales Associate from April of 2005 to May of 2016.

In connection with Plaintiff's job as a sales associate, Plaintiff regularly worked behind a sales counter, as did other sales associates. From July 2012 to December of 2015, Plaintiff worked at Defendant's store located at 9889 San Pablo Ave., El Cerrito, CA 94530. From December of 2015 to May of 2016, Plaintiff worked at Defendant's store located at 5895 Christie Ave., Emeryville, CA 94608. Plaintiff performed the same tasks at each location she worked for Defendant, these tasks reasonably permitted sitting, and a seat would not have interfered with Plaintiff's performance of any of her tasks that may have required her to stand. Defendant failed to provide Plaintiff and other aggrieved employees with a suitable seat at both locations she worked for Defendant. Said conduct, in addition to the foregoing, violates Labor Code § 1198 and California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of the Applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code § 2699.3.

A true and correct copy of the proposed Complaint to be filed by Plaintiff against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable the Plaintiff to proceed with the Complaint against Defendant as authorized by California Labor Code § 2695, *et seq*. The filing fee of $75 is being mailed to the Department of Industrial Restations Accounting unit with an identification of the Plaintiff, the Defendant and the notice. The proposed lawsuit consists of other aggrieved employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

*/s/Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

K:\D\Dropbox\Pending Litigation\FedEx Office - Johnson\l-paga-01.wpd

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
   Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
La Jolla, CA 92037
4  Telephone: (858)551-1223
Facsimile: (858) 551-1232
5  Website: www.bamlawca.com

6

Attorneys for Plaintiff
7

8

9

10           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11           **IN AND FOR THE COUNTY OF ALAMEDA**

12

| | |
|---|---|
| 13  JEANETTA JOHNSON, an individual on behalf of himself and on behalf of all persons similarly situated, | Case No. _____ |
| 14 | |
| 15 | **COMPLAINT FOR:** |
| 16          Plaintiff, | 1. VIOLATION OF CALIFORNIA LABOR CODE § 1198 AND CALIFORNIA CODE OF REGULATIONS, TITLE 8, SECTION 1 1070(14) (FAILURE TO PROVIDE SEATING); and, |
| 17  vs. | |
| 18  FEDEX OFFICE AND PRINT SERVICES, INC., a Corporation; and Does 1 through 50, Inclusive, | |
| 19 | 2. VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698 et seq.]. |
| 20 | |
| 21          Defendants. | |
| 22 | **DEMAND FOR A JURY TRIAL** |

23

24

25

26

27

28

                               1
                         COMPLAINT

Plaintiff Jeanetta Johnson ("PLAINTIFF"), an individual on behalf of herself, on behalf of the State of California pursuant to the Private Attorney General Act of 2004, Cal. Lab.Code § 2698, *et seq.* ("PAGA"), and all other similarly situated current and former aggrieved employees, alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.     Defendant Fedex Office and Print Services, Inc. ("DEFENDANT") at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the State of California.

2.     DEFENDANT has duplicated its business formula many times over. DEFENDANT operates some 1,800 stores in the United States. DEFENDANT's stores provide printing and duplication, presentation support, and related business assistance, and serve as drop-off points for deliveries to be made by sister companies FedEx Express and FedEx Ground. DEFENDANT's stores also sell office supplies and rent computers and videoconferencing rooms. FedEx Office has traditionally targeted small business and home offices, and individual consumers.

3.     PLAINTIFF was employed by DEFENDANT in California as a sales associate from April of 2005 to May of 2016.  In connection with her job as a sales associate, PLAINTIFF regularly worked behind a sales counter, as did other sales associates.  From July 2012 to December of 2015, PLAINTIFF worked at DEFENDANT's store located at 9889 San Pablo Ave., El Cerrito, CA 94530.  From December of 2015 to May of 2016, PLAINTIFF worked at DEFENDANT's store located at 5895 Christie Ave., Emeryville, CA 94608. PLAINTIFF performed the same tasks at each location she worked for DEFENDANT, these tasks reasonably permitted sitting, and a seat would not have interfered with PLAINTIFF's performance of any of her tasks that may have required her to stand.  DEFENDANT failed to provide PLAINTIFF with a suitable seat at both locations she worked for DEFENDANT.  The amount in controversy for PLAINTIFF individually does not exceed the sum or value of

2

$75,000.

4.    PLAINTIFF brings this Representative Action on behalf of the State of California with respect to herself and all other individuals who are or previously were employed by DEFENDANT in California in the position of sales associate and were not provided with a seat/stool during the time period of December 5, 2016 until the present (the "AGGRIEVED EMPLOYEES").

5.    The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

6.    The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFF and the other Aggrieved Employees, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

### THE CONDUCT

7.    PLAINTIFF alleges that the sales associate counters in DEFENDANT's California stores are generally similar in their layout and design and that there is ample space behind each counter area to allow for the presence and use of a stool or seat by DEFENDANT's

1  sales associates during the performance of their work duties. DEFENDANT's sales associates

2  working at DEFENDANT's locations spend a very substantial portion, and, in many workdays,

3  the vast majority of their working time behind these counters. The nature of the sales associate

4  position can reasonably be accomplished while using a seat/stool.

5       8.   In violation of the applicable sections of the California Labor Code and the

6  requirements of the applicable Industrial Welfare Commission ("IWC") Wage Order,

7  DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly

8  and systematically failed to provide PLAINTIFF and the other Aggrieved Employees suitable

9  seating when the nature of these employees' work reasonably permitted sitting.

10       9.   Defendants knew or should have known that PLAINTIFF and other Aggrieved

11  Employees were entitled to suitable seating and/or were entitled to sit when it did not interfere

12  with the performance of their duties, and that DEFENDANT did not provide suitable seating

13  and/or did not allow them to sit when it did not interfere with the performance of their duties.

14       10.   By reason of this conduct applicable to PLAINTIFF and all Aggrieved

15  Employees, DEFENDANT violated California Labor Code Section 1198 and Wage Order 4-

16  2001, Section 14 by failing to provide suitable seats. PLAINTIFF seeks penalties on behalf of

17  herself and other Aggrieved Employees as provided herein. Providing suitable seating is the

18  DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation

19  to meet this burden, DEFENDANT violated the California Labor Code and regulations

20  promulgated thereunder as herein alleged.

21

22  **JURISDICTION AND VENUE**

23       11.   This Court has jurisdiction over this Action pursuant to California Code of

24  Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

25       12.   Venue is proper in this Court pursuant to California Code of Civil Procedure,

26  Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT, resides

27  in this County, and DEFENDANT (i) currently maintains and at all relevant times maintained

28  offices and facilities in this County and/or conducts substantial business in this County, and (ii)

4

COMPLAINT

1    committed the wrongful conduct herein alleged in this County against other Aggrieved

2    Employees.

3

4    **FIRST CAUSE OF ACTION**

    **For Failure to Provide Suitable Seating**

5    **[Cal. Lab. Code § 1198, et seq. & California Code of Regulations, Title 8, Section**

6    **11070(14)]**

7    **(By PLAINTIFF and the AGGRIEVED EMPLOYEES and Against All Defendants)**

8        13.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

9    reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through

10   12 of this Complaint.

11       14.    California Labor Code section 1198 makes it illegal to employ an employee under

12   conditions of labor that are prohibited by the applicable wage order.

13       15.    California Labor Code section 1198 requires that " . . . the standard conditions of

14   labor fixed by the commission shall be the . . . standard conditions of labor for employees. The

15   employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

16       16.    California Code of Regulations, Title 8, section 11070(14)(A) provides that "[a]ll

17   working employees shall be provided with suitable seats when the nature of the work

18   reasonably permits the use of seats."

19       17.    California Code of Regulations, Title 8, section 11070(14)(B) provides that

20   "[w]hen employees are not engaged in the active duties of their employment and the nature of

21   the work requires standing, an adequate number of suitable seats shall be placed in reasonable

22   proximity to the work area and employees shall be permitted to use such seats when it does not

23   interfere with the performance of their duties."

24       18.    DEFENDANT violated California Labor Code section 1198 and California Code

25   of Regulations, Title 8, section 11070(14) because PLAINTIFF and CALIFORNIA CLASS

26   members were not permitted to sit, even if they were not engaged in active duties. They were

27   not permitted to sit, even when it would not interfere with the performance of their duties, nor

28

1  were they provided with suitable seats.

2      19.    PLAINTIFF and CALIFORNIA CLASS members are entitled to recover all

3  remedies available for violations of California Labor Code section 1198 and California Code

4  of Regulations, Title 8, section 11070(14).

5      20.    Pursuant to the civil penalties provided for in California Labor Code sections

6  2699 (f) and (g), the State of California, PLAINTIFF and other aggrieved employees are

7  entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee

8  per pay period for the initial violation and two hundred dollars ($200) for each aggrieved

9  employee per pay period for each subsequent violation, plus costs and attorneys' fees for

10  violation of California Labor Code section 1198.

11

12              **SECOND CAUSE OF ACTION**

13       **For Violation of the Private Attorneys General Act**

14              **[Cal. Lab. Code §§ 2698, et seq.]**

15          **(By PLAINTIFF and Against All Defendants)**

16      21.    PLAINTIFF incorporates by reference the allegations set forth in paragraphs 1-40,

17  supra, as though fully set forth at this point.

18      22.    PAGA is a mechanism by which the State of California itself can enforce state

19  labor laws through the employee suing under the PAGA who do so as the proxy or agent of the

20  state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is

21  fundamentally a law enforcement action designed to protect the public and not to benefit private

22  parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a

23  means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In

24  enacting PAGA, the California Legislature specified that "it was ... in the public interest to

25  allow aggrieved employees, acting as private attorneys general to recover civil penalties for

26  Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be

27  subject to arbitration.

28      23.    PLAINTIFF brings this Representative Action on behalf of the State of California

COMPLAINT

1    with respect to herself and all other individuals who are or previously were employed by

2    DEFENDANT in California in the position of sales associate and were not provided with a

3    seat/stool during the time period of December 5, 2016 until the present(the "AGGRIEVED

4    EMPLOYEES").   DEFENDANT as a matter of company policy, practice and procedure,

5    intentionally, knowingly and systematically failed to provide PLAINTIFF and the other

6    AGGRIEVED EMPLOYEES suitable seating when the nature of these employees' work

7    reasonably permitted sitting as required by California law.

8         24.    The policies, acts and practices heretofore described were and are an unlawful

9    business act or practice and was in violation of the applicable Labor Code sections listed in

10   Labor Code §2699.5, including section 256, 558, 1198 and the applicable Industrial Wage

11   Order 4-2001, Section 14 and thereby gives rise to statutory penalties as a result of such

12   conduct. PLAINTIFF hereby seeks recovery of civil penalties as prescribed by the Labor Code

13   Private Attorney General Act of 2004 as the representative of the State of California for the

14   illegal conduct perpetrated on PLAINTIFF and the other AGGRIEVED EMPLOYEES.

15

16                                **PRAYER FOR RELIEF**

17        WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

18   severally, as follows:

19   1.   On behalf of the State of California and with respect to all AGGRIEVED

20        EMPLOYEES:

21        A)    Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

22              General Act of 2004.

23   2.   On all claims:

24        A)    An award of interest, including prejudgment interest at the legal rate;

25        B)    Such other and further relief as the Court deems just and equitable; and,

26        C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the

27              law, including, but not limited to, pursuant to Labor Code §1198.

28

---

7

COMPLAINT

1  Dated:   February 1, 2017          BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

2

3                                     By: _____

4                                          Norman B. Blumenthal
                                            Attorneys for Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR A JURY TRIAL

2        PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated:   February 1, 2017            BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

5

6                                        By:_____

7                                              Norman B. Blumenthal
                                               Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16      K:\D\Dropbox\Pending Litigation\FedEx Office - Johnson\p-Complaint-Draft.wpd

17

18

19

20

21

22

23

24

25

26

27

28

**Kyle Nordrehaug**

| | |
|---|---|
| **From:** | noreply@salesforce.com on behalf of LWDA DO NOT REPLY |
| **Sent:** | Wednesday, February 01, 2017 12:11 PM |
| **To:** | deblouw@bamlawca.com |
| **Subject:** | Thank you for submission of your PAGA Case. |

2/1/2017

LWDA Case No. LWDA-CM-211011-17

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Fedex Office's Print Services
CT Corporation System
818 West 7th Street, ste. 930
Los Angeles, CA 90017

CARL53

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

CT CORPORATION SYSTEM ☐ Agent
818 West Seventh Street ☐ Addressee

B. Received by (Printed Name)   Suite 930   C. Date of Delivery

Los Angeles, CA 90017   04/3/17

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article
(Transfer...)   7014 2120 0003 7819 6911

PS Form 3811, July 2013          Domestic Return Receipt

Blumenthal, Nordrehaur & Bhowmik
Attn: Blumenthal, Norman M.
2255 Calle Clara
La Jolla, CA  92037

---

## Superior Court of California, County of Alameda

| | |
|---|---|
| Johnson | No. <u>RG17856291</u> |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT** |
| | **CONFERENCE AND ORDER** |
| Fedex Office and Print Services, Inc. | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **08/31/2017**<br>Time: **02:00 PM** | Department: **20**<br>Location: **Administration Building**<br>**Fourth Floor**<br>**1221 Oak Street, Oakland  CA  94612**<br><br>Internet: **www.alameda.courts.ca.gov** | Judge: **Paul D. Herbert**<br>Clerk: **Reshma Mishra**<br>Clerk telephone: **(510) 267-6936**<br>E-mail:<br>**Dept.20@alameda.courts.ca.gov**<br>Fax: **(510) 267-1576** |
|---|---|---|

### ORDERS

1. **Plaintiff** must:

   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110  at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/17/2017.

By _____

Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*
## *February 1, 2017*

Case Number: RG17856291
Case Title:    Johnson VS Fedex Office and Print Services, Inc.
Date of Filing: 04/11/2017

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Paul D. Herbert** |
| **Department:** | **20** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6936** |
| **Fax Number:** | **(510) 267-1576** |
| **Email Address:** | **Dept.20@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY

OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, George E. McDonald Hall of Justice, 2233 Shoreline Drive, Alameda, California, 94501 and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Paul D. Herbert
DEPARTMENT 20

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's Web site also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Email is the preferred method of communicating with court staff in Department 20, particularly for scheduling of law and motion, ex parte application, and case management events. Telephone communications are possible, but use of email will greatly facilitate a prompt response to your inquiries. When a copy of a document must be transmitted to court staff, an email attachment is preferable to fax. Use of an email attachment or fax, however, is not a substitute for filing of pleadings or other documents. All email communications should be copied to all parties for whom an email address is available, so inclusion of available email addresses in the caption of all filed papers, as required by California Rule of Court 2.111(1) is critical. Paper courtesy copies of all documents filed in connection with law & motion matters must be delivered directly to Department 20 as close to the time of filing as practicable.

## Schedule for Department 20

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Case Management Conferences are held:  Thursdays beginning at 2:00 p.m. and Fridays beginning at 10:00 a.m., 11:00 a.m. and 2:00 p.m.

- Law and Motion matters are heard:  Thursdays beginning at 2:00 p.m. and Fridays beginning at 10:00 a.m., 11:00 a.m. and 2:00 p.m. (Reservations required)

- Settlement Conferences are heard:  Set on Case Specific Basis

- Ex Parte matters are heard:  3:30 p.m. Monday - Friday (Reservations required)

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.20@alameda.courts.ca.gov


- Ex Parte Matters
  Email:        Dept.20@alameda.courts.ca.gov


**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 20
- Phone:  1-866-223-2244

Dated:  04/14/2017

_____
Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/17/2017

By  _____
                                        Deputy Clerk